517 So.2d 439 (1987)
STATE of Louisiana
v.
Dale BUNNELL.
No. KA 87 0073.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
*440 Louis Sherman, Jr., Asst. Dist. Atty., Amite, for plaintiff-appellee.
Ron S. Macaluso, Hammond, for defendant-appellant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
Dale Bunnell was charged with possession of marijuana with intent to distribute. La.R.S. 40:966 A. Defendant pled not guilty and filed a motion to suppress the seized contraband. Following a hearing, the motion to suppress was denied. Thereafter, defendant withdrew his plea of not guilty and pled guilty as charged. Bunnell expressly reserved the right to appeal the adverse ruling on the motion to suppress. State v. Crosby, 338 So.2d 584 (La.1976). The trial court sentenced defendant to a three year term of imprisonment at hard labor. Execution of the sentence was suspended, and defendant was placed on supervised probation for five years. In addition, defendant was ordered to pay a five thousand dollar fine. In default of payment of the fine, defendant must serve an additional three year prison term.[1]
Defendant brings this appeal urging as his sole assignment of error that the trial court erred by denying his motion to suppress.[2]
The hearing on the motion to suppress reveals that on January 21, 1986, defendant and a companion, Katherine Dahill, were traveling by automobile on Interstate 12 in Livingston Parish, when their vehicle was stopped by Louisiana State Trooper Douglas Robertson. Trooper Robertson testified that he pursued defendant's vehicle after determining that it was traveling at a rate of sixty-six miles per hour, eleven miles per hour in excess of the posted speed limit.
Katherine Dahill, the operator of the automobile, initially conversed with Trooper Robertson about the speeding violation. Robertson testified that Dahill was visibly nervous and, when questioned, Dahill indicated she had visited friends in Houston and was en route to Florida. The vehicle was registered to Bunnell in New York but both Dahill and defendant had Florida driving licenses. When questioned separately, both Dahill and defendant indicated that they now resided in New York State. In addition, defendant stated that he had visited Dallas, although he was not asked if he had also visited Houston.
Robertson testified that, after his conversations with Dahill and defendant, he withheld issuing the traffic citation because he was suspicious. He testified that he was not suspicious of their involvement in a particular crime, but, rather, just suspicious. His articulated bases for the suspicion were:
(1) Dahill and defendant appeared nervous;
(2) Defendant turned around in his seat while the trooper talked with Dahill;
*441 (3) Dahill and defendant had Florida driver's licenses, but drove an automobile registered to defendant in New York;
(4) Dahill said she had been to Houston; defendant said he had been to Dallas.
Robertson testified that he took the keys from the car's ignition and asked defendant if he might search the car. When Bunnell did not respond, Robertson prepared a written consent to search form. After Robertson read from the consent form, defendant refused to sign or otherwise give his permission. Robertson testified that he told defendant that the search was within the scope of his job and if there were no contraband or anything in the car he would briefly look and then let defendant leave.
Several times during his testimony, Robertson acknowledged that he would not have allowed defendant and Dahill to leave prior to the search. The trooper wanted to search the automobile because that was the only means available to determine if defendant and Dahill were involved in some criminal activity. In support of that desire, Robertson noted that he "[knew] of a lot of crimes that go on on the interstate."
Unsure of how to proceed, Robertson called for assistance. About fifteen minutes after another trooper arrived at the scene, defendant agreed to sign the form. Robertson testified that approximately thirty minutes had passed from the initial stop until the consent to search form was executed by defendant.
A search of defendant's automobile was undertaken by both troopers. The interior of the vehicle was searched first including Dahill's purse, where the troopers found a small quantity of suspected marijuana. In a briefcase located in the trunk of the automobile, the troopers found approximately thirteen thousand dollars in cash. In a suitcase, the troopers located fourteen pounds of marijuana packaged in one pound bags. After the search, Bunnell and Dahill were formally arrested.[3]
In brief, defendant contends that he was being illegally detained when he consented to the instant search. Accordingly, Bunnell reasons that his consent was tainted by that illegality. We agree.
Bunnell admits that his vehicle was legitimately stopped because of a traffic violation. However, "[a]pprehension and restraint, a form of detention short of purposeful arrest, has been held to be an appropriate form of detention to effectuate the issuance of a summons for a speeding violation." State v. Carey, 499 So.2d 283, 286 (La.App. 1st Cir.1986). Robertson acknowledged that he did not focus his attention on issuance of the traffic citation immediately after the stop. Rather, because of a generalized suspicion or hunch, he extended the period of detention well beyond the time needed to investigate a minor traffic violation. There were no facts known to Robertson that would have indicated to a man of average reason that Bunnell was engaged in illegal activity. This period of detention was for the express and sole purpose of obtaining a consent to search from defendant.
In the matter sub judice, the limits of the permissible traffic detention had been exceeded at the time defendant consented to the search. Robertson testified that defendant and his companion were not free to leave during his "investigation". This posture was objectively manifested to defendant by Robertson's continued possession of the vehicle's keys and registration papers.
As noted by the Louisiana Supreme Court in State v. Raheem, 464 So.2d 293, 297 (La.1985):
One of the specifically established exceptions to the requirements of both a warrant and probable cause is a search conducted pursuant to consent. State v. Owen, 453 So.2d 1202 (La.1984). When made after an illegal detention or search, consent to search, even if voluntary, is valid only if it was the product of a free will and not the result of an exploitation of the previous illegality. Among the factors considered in determining whether [or not] the consent was sufficiently attenuated from the unlawful conduct to *442 be a product of a free will are whether [or not] the police officers adequately informed the individual that he need not comply with the request, the temporal proximity of the illegality and the consent, the presence of intervening circumstances, and the purpose and flagrancy of the official misconduct.
In the instant case, defendant consented to a search of his car and signed a waiver form while under an illegal detention. There were no circumstances which would tend to show that defendant was acting of his own free will. Bunnell was continuously in the presence of an increasing number of police officers. Under the circumstances presented herein, we cannot say that defendant's consent was attenuated from the illegal detention such as to be a product of his free will. Accordingly, the contraband seized from defendant's automobile should have been suppressed.
Therefore, we find merit in defendant's assignment of error. Accordingly, defendant's conviction and sentence are reversed. Defendant's motion to suppress is granted. The case is remanded to the trial court to allow defendant an opportunity to withdraw his guilty plea and for further proceedings in accordance with law.
CONVICTION AND SENTENCE REVERSED: MOTION TO SUPPRESS GRANTED: CASE REMANDED.
NOTES
[1] The instant provision is invalid. The imprisonment sanction for failure to pay a fine cannot exceed one year. La. Code Crim.P. art. 884.
[2] Defendant's appeal was reinstated by the Louisiana Supreme Court after it was dismissed as untimely by this Court. State v. Bunnell, 508 So.2d 55 (La.1987).
[3] All charges against Dahill were dismissed as part of her plea bargain.