556 So.2d 263 (1990)
STATE of Louisiana, Appellee,
v.
William H. ARRINGTON, Jr., Appellant.
No. 21243-KA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 1990.
*264 Michael E. Kramer, Winnsboro, for appellant.
William J. Guste, Jr., Atty. Gen., William R. Coenen, Dist. Atty., E. Rudolph McIntyre, Jr., Asst. Dist. Atty., for appellee.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge.
The defendant, Arrington, was charged with possession of marijuana with intent to distribute, possession of cocaine, illegal possession of stolen things and perjury. After defendant's motion to suppress the marijuana and cocaine was denied, he entered guilty pleas, pursuant to a plea agreement, to the two drug charges. The other charges were dismissed. Defendant was sentenced to concurrent terms of five years imprisonment at hard labor on the marijuana charge, La.R.S. 40:966 A, and two years at hard labor on the cocaine charge. No fines were imposed. Defendant appealed, arguing the trial court erred in denying his motion to suppress and that the sentence of imprisonment for the marijuana charge is excessive. We find no merit to defendant's arguments, and affirm his convictions and sentences.
During the late evening of July 18, 1988, Deputies Crum and Ingram stopped a Mercedes Benz, being driven by defendant, for speeding. Defendant was very nervous and sweating. He could not produce the vehicle registration or proof of insurance. Defendant tried to block Deputy Crum's view of the car's interior. Deputy Crum asked his office to run a criminal history check on defendant and learned he had been arrested for illegally carrying a weapon and for possession of marijuana. The deputy asked for, and was denied, consent to search the car. He removed his narcotics dog from his police car and let the dog walk around defendant's car. The dog, which had proven reliable many times, alerted on defendant's car. The deputy again asked for, and was denied, consent to search. He arrested defendant, and called a tow truck. Defendant's car was taken to *265 the police station and a valid search warrant issued. The search revealed six marijuana cigarettes in the passenger compartment, 13 zip-lock bags each containing one pound of marijuana in the trunk, $1746 cash under the carpet, and a vial containing cocaine. The officers discovered the car was stolen from Houston. Defendant's motion to suppress the drug evidence was denied. He pled guilty, reserving the right to contest the ruling, and this appeal followed.
Motion to Suppress
Defendant contends the trial court erred in ruling that probable cause existed to allow a warrantless search of the automobile and the subsequent seizure of evidence. Defendant also argues "the probable cause for allowing the dog to search the vehicle was based solely on (defendant's) alleged nervous conduct." Thus, defendant complains about the events at the scene of the traffic stop, but not about the search performed at the police station after a warrant was issued. Defendant concedes he was stopped lawfully for the traffic violation.
Defendant's detention at the scene of the traffic stop must be based on reasonable suspicion that he has been, is, or is about to be engaged in criminal conduct. Reasonable cause for an investigatory detention is something less than probable cause and is to be assessed according to the totality of the facts and circumstances known to the police officer to justify an infringement on the individual's right to be free from governmental interference. Although nervousness, by itself, is insufficient to justify an investigatory stop, it may be highly suspicious and, therefore, may be one of the factors leading to a finding of reasonable cause. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Thompson, 543 So.2d 1077 (La. App. 2d Cir. 1989). The officer's experience on the street also may be considered in determining whether he made reasonable inferences from the facts at hand. Thompson, supra; State v. Meyers, 520 So.2d 842 (La.App. 3d Cir.1987).
A "canine sniff" by a well-trained narcotics detection dog does not constitute a search within the meaning of the Fourth Amendment. U.S. v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); State v. Meyers, supra.
Here, Deputy Crum had probable cause to stop the vehicle for speeding. He was confronted by a very nervous driver who could not produce the vehicle's registration or insurance papers, and who tried to keep Crum from seeing inside the car. A routine and quickly conducted check disclosed defendant's drug history. The narcotics dog was readily available. The dog's alert, coupled with Crum's observations and his 10 years of experience, 8 or 9 of which were involved in working narcotics cases as time permitted, gave Crum probable cause to arrest defendant at the scene of the traffic stop. Thereafter, a search warrant was properly obtained and a valid search ensued.
The second issue is whether Crum unnecessarily delayed the detention of defendant, invalidating the later search. Defendant relies on State v. Bunnell, 517 So.2d 439 (La.App. 1st Cir.1987), for the proposition that, because the time during which defendant was detained exceeded the time needed to issue a traffic citation, the "search" was illegal.
In Bunnell marijuana that was found in a consent search of a car stopped for speeding was suppressed because the police officer detained the car's driver and passenger for 30 minutes, far beyond the time deemed reasonable to investigate the traffic violation, for the sole purpose of obtaining a consent to search the car. The police officer had only a generalized suspicion about the occupants, based on their nervousness and out-of-state driver's licenses and registration.
In assessing whether the detention of a citizen is too long to be justified as an investigative stop, the court must assess whether the police diligently pursued a means of investigation that was likely to quickly confirm or dispel their suspicions. U.S. v. Sharpe, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985); State v. Walker, *266 530 So.2d 1200 (La.App. 2d Cir.1988), writ denied, 532 So.2d 763 (1988).
Sharpe recognizes that the reasonableness of the delay is not subject to a bright-line rule according to the number of minutes involved, but is assessed in the light of the officer's diligence under the circumstances which confronted him.
Immediately after stopping defendant, Deputy Crum observed his nervous behavior, his inability to produce proof of registration and insurance, and his efforts to block Crum's view of the car's interior. The logical next step was, as Crum did, to check the driver's record. Defendant's background of drug and weapons offenses was reported without undue delay. The drug dog was already at the scene and quickly alerted.
We find that Deputy Crum diligently pursued his investigation in a manner likely to quickly confirm or dispel his suspicions. The cause, method and duration of defendant's detention was reasonable.
The trial court correctly denied the motion to suppress. This assignment of error is without merit.
Sentence
Defendant alleges the trial court erred in sentencing him on the marijuana charge to a term that violates the Louisiana Constitution's prohibition against cruel, excessive and unusual punishment in light of the favorable circumstances presented on behalf of defendant. The State argues, but did not appeal, that the sentence imposed for the marijuana charge was illegally lenient, in that no fine was imposed, and asks this court to correct the sentence by imposing the mandatory (sic) fine of $15,000.
La.R.S. 40:966 B(2) provides that a person convicted of possession of marijuana with intent to distribute shall "be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years and pay a fine of not more than fifteen thousand dollars."
Defendant was sentenced to five years at hard labor, the legislatively established minimum term of imprisonment. The only way defendant could receive less imprisonment would be a suspended sentence. A trial court is not required to suspend a sentence or grant probation for every first felony offense. The best interests of the public and the offender must be weighed in light of the criminal conduct. State v. Walker, 530 So.2d 1200 (La.App. 2d Cir.1988); State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984).
The trial court properly considered that defendant, by his plea bargain, avoided sentencing for possession of stolen things, the Mercedes, and for perjury, having falsely denied under oath at a bond reduction hearing that he had any prior arrests. State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985). Equally, the court correctly considered defendant's prior arrests for possession of marijuana and illegally carrying a firearm. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied, 452 So.2d 695 (La. 1984).
The sentencing court also noted defendant's age, 36, that he was married with two children, a graduate of Grambling University, and had a job in Houston. On the other hand, the 1979 Mercedes defendant was driving had been stolen from Houston.
The State is correct in asserting the sentence for the marijuana conviction is unlawfully lenient in that no fine was imposed. The plain wording of the statute mandates a fine of up to $15,000 in addition to the jail term. State v. Booth, 347 So.2d 241 (La. 1977). The amount of the fine is discretionary with the sentencing court.
La.C.Cr.P. Article 882 was amended by Act 587 of 1984 to provide an illegal sentence could be corrected at any time by the court that imposed the sentence or by an appellate court on review. As explained in State v. Jackson, 452 So.2d 682 (La.1984), State v. Napoli, 437 So.2d 868 (La. 1983) held that when the defendant alone sought review of a conviction and sentence, the appellate court should review only those issues raised by defendant and correct any error patent unfavorable to defendant. Jackson further explained that when only the defendant appealed, the appellate court should ignore any error patent favorable to defendant, unless the prosecution, having properly raised the issue in the trial court, *267 had sought appellate review. Our Supreme Court has ruled that the amendment to Article 882 did not alter Jackson's holding. In State v. Fraser, 484 So.2d 122 (La. 1986) it explained:
"Article 882 A, as amended, merely authorizes an appellate court to correct an illegal sentence on review. Nothing in the amendment suggests that an appellate court may correct an illegally lenient sentence of which the prosecutor has not complained. Article 882 B still requires an application for review of an illegal sentence by either the defendant or the prosecutor."
Here, the prosecution did not raise the issue in the trial court, nor did it seek appellate review. Accordingly, we are required to ignore the error favorable to defendant.
We find the trial court was not required to suspend or probate the sentence to be imposed. By imposing only the minimum term of imprisonment to which defendant was exposed, the trial court obviously considered the favorable matters presented on defendant's behalf. The sentence imposed is not constitutionally excessive.
Decree
For these reasons, the convictions and sentences for possession of cocaine and possession of marijuana with intent to distribute are AFFIRMED.