SEXTON, Judge.
The defendant, Richard D. Fikes, pled guilty to a charge of possession of between 28 and 200 grams of amphetamine, in violation of LSA-R.S. 40:967 F(2)(a), reserving his right, pursuant to State v. Crosby, 338 So.2d 584 (La.1976), to appeal the denial of his motion to suppress. Finding the trial court properly denied the motion to suppress, we affirm defendant’s conviction and sentence of seven years imprisonment at hard labor, five years of which are to be served without benefit of parole, probation, or suspension of sentence, together with a fine of $50,000.
At approximately 5:55 p.m. on December 31, 1990, Louisiana State Police Trooper Jim Stephens stopped the defendant for speeding and improper lane usage on Interstate 20 in Monroe. The defendant hurriedly exited his vehicle, which Trooper Stephens found unusual in that 99 percent of the persons he stops for traffic violations remain in their vehicles until told to exit. Upon request, defendant produced his driver’s license and vehicle registration. Trooper Stephens asked defendant if he had ever been arrested. There was a long pause before defendant stated that he had only been arrested for traffic violations. Trooper Stephens then radioed for a check on the vehicle and the information provided by defendant.
By this time Trooper Stephens and defendant were seated in the patrol car. Trooper Stephens noted that defendant was extremely nervous, more so than the average person receiving a traffic citation. Trooper Stephens noted defendant’s stomach flutter such that his shirt moved. Additionally, the blood vessels in defendant’s neck protruded. Further, the defendant was very talkative and continually rubbed his hands together.
Trooper Stephens then received information that defendant had been arrested in Kansas for possession of methamphetamine with intent to distribute. Trooper Stephens asked defendant for permission to search his vehicle. The defendant, gasping, refused, becoming visibly more nervous. Fearing for his safety, Trooper Stephens radioed for backup and Trooper Gary Beasley arrived on the scene. Trooper Stephens filled out a consent to search form and, at 6:15 p.m., the defendant again refused to consent. Trooper Stephens then requested a narcotics detection dog be sent to the scene.
At this point, according to Trooper Stephens, the defendant consented to a search of his vehicle. Defendant denied consenting. Nevertheless, fearing that defendant’s consent may have been coerced by defendant’s expectation of a narcotics dog, Trooper Stephens decided to wait on the dog. At about 6:42 p.m., Sergeant Steve Davis arrived with a narcotics detection dog, Pedro. The dog, trained in the detection of marijuana, cocaine, and methamphetamine, alerted to the defendant’s vehicle, indicating the likely presence of controlled dangerous substances. A search of the vehicle was conducted, resulting in the recovery of three ounces of amphetamine, a spoon, a set of scales, and a .357 Magnum.
The defendant acknowledges that he was lawfully stopped for a traffic violation, but contends he should not have been questioned regarding prior arrests, nor otherwise detained. Accordingly, defendant’s argument is that there was no reasonable suspicion to support his detention nor probable cause for the search.
Defendant’s detention at the scene of the traffic stop must have been based on reasonable suspicion that he had been, was, or was about to be engaged in criminal conduct. LSA-C.Cr.P. Art. 215.1. The reasonable suspicion for such detention is something less than probable cause and *791 is to be assessed according to the totality of the facts and circumstances known to the police officer to justify an infringement on the individual’s right to be free from governmental interference. State v. Belton, 441 So.2d 1195 (La.1983), cert, denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Thompson, 543 So.2d 1077 (La.App. 2d Cir.1989), writ denied, 551 So.2d 1335 (La.1989). Although nervousness, by itself, is insufficient to justify an investigatory stop, it may be highly suspicious and therefore, may be one of the factors leading to a finding of reasonable cause. State v. Belton, supra; State v. Thompson, supra. The officer’s experience may also be considered in determining whether he made reasonable inferences from the facts at hand. State v. Arrington, 556 So.2d 263 (La.App. 2d Cir.1990); State v. Thompson, supra.
Trooper Stephens has been a state trooper for 16 years and estimated that he has written 20,000 to 30,000 tickets for traffic violations. He was therefore well qualified to determine that defendant was more nervous than the ordinary citizen receiving a traffic ticket. Defendant then gave an inaccurate answer when asked if he had any previous arrests.
Defendant argues that Trooper Stephens should not have questioned him about his prior arrests. The mere fact that Trooper Stephens questioned defendant did not compel defendant to respond to those inquiries. The defendant was free to choose not to answer such a question. See State v. Ponder, 607 So.2d 857 (La.App. 2d Cir.1992); State v. Desormeaux, 569 So.2d 283 (La.App. 2d Cir.1990).
Trooper Stephens was thereafter justified in further detaining the defendant in order to radio for a check on defendant. Inherent in the officer’s right, pursuant to LSA-C.Cr.P. Art. 215.1, to stop an individual and to ask his name, address, and an explanation of his actions is the right to detain him temporarily to verify the information given or to obtain information independently of his cooperation. State v. Fauria, 393 So.2d 688 (La.1981); State v. Vincelli, 555 So.2d 21 (La.App. 1st Cir.1989).
The results of a criminal history check revealed to Trooper Stephens that defendant had lied to him and that the defendant had a past arrest for possession of methamphetamine with the intent to distribute.* In light of defendant’s prior criminal history, the inaccurate information regarding his criminal history, together with his extreme, increasing nervousness, Trooper Stephens had reasonable cause to further detain the defendant. See State v. Whiting, 493 So.2d 286 (La.App. 2d Cir.1986), writ denied, 496 So.2d 354 (La.1986).
A narcotics detection dog was summoned which alerted to the presence of narcotics in defendant’s vehicle. A “canine sniff” by a well-trained narcotics dog does not constitute a search within the meaning of the Fourth Amendment. United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); State v. Arrington, supra.
Relying on State v. Bunnell, 517 So.2d 439 (La.App. 1st Cir.1987), defendant argues that there were insufficient facts which indicated defendant was engaged in illegal activity so as to justify the detention and ultimate search. In Bunnell, the seized marijuana was suppressed because of the court’s finding that the defendant was detained for an excessive period of time for the express purpose of obtaining a consent to search. The appellate court found that the arresting officer had only a generalized suspicion about the occupants of the car, based on their nervousness and *792 that defendant and his passenger had Florida driver’s licenses but the car was registered to defendant in New York.
In contrast, in the instant case, Trooper Stephens had more than merely the generalized suspicion found in State v. Bunnell, supra. Trooper Stephens found defendant to be extremely nervous, defendant had a prior arrest for a narcotics violation, and defendant lied about that pri- or arrest. Trooper Stephens diligently pursued his investigation in a manner likely to quickly confirm or dispel his suspicion. The defendant was detained for approximately 40 to 50 minutes and a narcotics detection dog was summoned. The cause, method, and duration of defendant’s detention were reasonable. See State v. Thompson, supra; State v. Arrington, supra.
The motion to suppress was properly denied. Accordingly, the defendant’s conviction and sentence are hereby affirmed.
AFFIRMED.

 Defendant argues that the use of his previous arrest to give Trooper Stephens reasonable suspicion to detain him constitutes a double jeopardy violation. U.S. Const, amend. V; LSA-Const. Art. 1, § 15; LSA-C.Cr.P. Art. 591. Defendant provides no legal support for this rather nebulous argument. The situation did not give rise to multiple punishment for the earlier offense. Rather, defendant’s criminal history, together with the other factors, contributed to Trooper Stephens’s reasonable suspicion that defendant was again engaged in criminal activity. Defendant’s multiple punishment stemmed from his twice violating the controlled dangerous substances laws.