hPETERS, Judge.
The defendant, Alvestor Fort, pleaded guilty to possession of marijuana with the intent to distribute, a violation of La.R.S. 40:966(A)(1). However, in doing so, he reserved his right to appeal the trial court’s denial of a motion to suppress the evidence obtained in the incident giving rise to the charge. After his plea of guilty was entered, the defendant was sentenced to five years at hard labor, but the sentence was suspended, and he was placed on five-years-supervised probation. For the reasons set forth herein, we affirm the conviction and sentence.
DISCUSSION OF RECORD
On May 22, 1992, at approximately 12:25 a.m., Officer Arnold Bellow of the Lake Charles Police Department stopped a vehicle driven by Serdrit Williams for speeding. The vehicle was clocked by Officer Bellow’s radar at sixty-three miles per hour in a fifty-mile-per-hour zone. The defendant was a passenger in the vehicle. Officer Bellow immediately noticed that both men were acting extremely nervous, and each gave him conflicting answers when asked where they were coming from. Based on these observations, Officer Bellow decided to request a consent to search the vehicle. At approximately 12:27 a.m., he presented Mr. Williams with a | gPermission for Search and Seizure form. Mr. Williams informed the officer that he did not read very well. Officer Bellow then asked Mr. Williams to read the consent form to the best of his ability and ask any questions that he might have about the consent form. The officer also questioned Mr. Williams to assure himself that Mr. Williams understood that by signing the form, he was consenting to the search of the ear. Mr. Williams signed the form without asking any questions.
A subsequent search of the trunk area of the car by Officer Bellow revealed the presence of what appeared to be seven bags of marijuana. Mr. Williams and the defendant were charged with possession of marijuana with intent to distribute. The defendant filed a motion to suppress the marijuana seized as a result of the search. After a hearing, the trial judge denied the motion to suppress. The defendant then entered a plea of guilty and reserved his right pursuant to State v. Crosby, 338 So.2d 584 (La.1976), to appeal the court’s ruling on the motion to suppress the physical evidence. After sentencing, the defendant perfected this appeal. The sole issue before this court is whether the seized marijuana should have been suppressed.
OPINION
The defendant contends that Mr. Williams’ consent was not free and voluntary because Mr. Williams was unable to understand what he was doing. Additionally, the defendant contends that the consent was invalid because it was given during and as a result of an illegal detention.
When faced with a motion to suppress evidence, the state bears the burden of proving the admissibility of evidence seized without a warrant. La.Code Crim.P. art. 703(D). Although the defendant is objecting to the consent to search the car, given not by himself but by Mr. Williams, he has standing to object to the invalidity of the search because he is a person adversely affected by the search or seizure. La. Const. |3art. I, § 5; State v. Gibson, 391 So.2d 421 (La.1980).
The first question to be determined is whether Officer Bellow had reasonable cause *321 to stop Mr. Williams’ vehicle. Officer Bellow testified that he stopped the vehicle because his radar unit detected the vehicle traveling sixty-three miles per hour in a fifty-mile-per-hour zone, a violation of La.R.S. 32:64(A). This testimony is not disputed, and thus, we find that Officer Bellow had reasonable cause to stop Mr. Williams’ vehicle.
Having found that there existed reasonable cause for the initial stop, the next question is whether at any time before Mr. Williams consented to the search of his vehicle, the detention became illegal. To determine whether the detention was too lengthy, the court must look to the diligence of the police in pursuing a means of investigation likely to confirm or dispel their suspicions quickly. State v. Arrington, 556 So.2d 263 (La.App. 2 Cir.1990). There is no bright-line rule available to measure when a detention lasts too long; each instance will require a case-by-case analysis in light of the surrounding circumstances. Id. The detention of a defendant at the scene of a traffic stop must be based on reasonable suspicion that the defendant had been, was, or was about to be engaged in criminal conduct. La.Code Crim.P. art. 215.1. The reasonable suspicion for such detention is something less than probable cause and is to be assessed according to the totality of the circumstances known to the police officer to justify an infringement on the individual’s right to be free from governmental interference. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
In this case, Officer Bellow observed that the occupants of the car exhibited extreme nervousness to the extent that Mr. Williams was barely able to speak, his hands were shaking, and his jugular vein was pulsating rapidly. Nervousness by Uitself is insufficient to justify an investigatory stop, however, it may be one of the factors leading to a finding of reasonable cause to detain the individual. Id. Officer Bellow also questioned each man individually as to the point of origin for the trip that day and received conflicting answers. In State v. Meyers, 520 So.2d 842 (La.App. 3 Cir.1987), this court held that a state trooper had probable cause to stop an automobile for speeding, and his observation of the driver’s and passenger’s nervousness substantiated the minimum requirements of reasonable cause necessary to initiate an investigatory stop. An investigatory stop is a form of “seizure,” and although it is no less of a restriction on a person’s freedom of movement than an arrest, it is considered a lesser intrusion because it is more brief than an arrest. State v. Cabanas, 594 So.2d 404 (La.App. 1 Cir.1991), writ denied, 598 So.2d 371 (La.1992) [quoting State v. Vincelli, 555 So.2d 21, 24 (La.App. 1 Cir. 1989) ]. We note that, based on the record, the length of detention in this case was very short. Viewing the totality of the circumstances in this case, we conclude that the minimum requirements of reasonable cause necessary to initiate an investigatory stop were present, and it was reasonable for Officer Bellow to suspect that the car’s occupants were engaged in. criminal activity.
Having determined that Officer Bellow had reasonable cause to stop the car and that the detention was reasonable, the final issue to be addressed is whether the consent given by Mr. Williams to search the car was free and voluntary. The Fourth Amendment to the United States Constitution and Article I, Section 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. A search without a warrant is per se unreasonable. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). In order to justify a warrantless search, the state must show that the search falls into one of the narrowly drawn exceptions to the warrant Isrequirement. State v. Barrett, 408 So.2d 903 (La.1981). One such exception is that the search is conducted pursuant to consent. State v. Owen, 453 So.2d 1202 (La.1984).
The question of whether Mr. Williams consented to the search is a question of fact to be determined under the totality of the circumstances of the case. Schneckloth, 412 U.S. 218, 93 S.Ct. 2041. The burden of proof is on the state to show that the consent was voluntarily and freely given. State v. Yarbrough, 418 So.2d 503 (La.1982). Since the finding of consent to a search is a factual *322 determination, the trial judge’s ruling is entitled to great weight on appellate review. State v. Ossey, 446 So.2d 280 (La.1984), cert. denied, 469 U.S. 916, 106 S.Ct. 293, 83 L.Ed.2d 228 (1984).
In his reasons for judgment, the trial court judge noted:
There can be no question but that the defendant, Williams, is to some degree intellectually impaired. That impairment is accentuated by an inadequate education. However, Williams does speak and understand English, signed a consent form, and permitted the officer to search the vehicle without objection. It was argued that the defendant, Williams, did not know the meaning of the word “search.” However, the court noted that Williams used the word “search” more than once in his testimony. The court is not persuaded by defense counsel’s argument that Williams learned the word only from his recent contact with the law. This court is completely satisfied that Officer Bellow was telling the truth and that Mr. Williams is not.
[[Image here]]
This court is of the opinion that the stop of the defendants’ vehicle was validly made, and that the defendant Williams gave a valid consent to search the vehicle. Also, Fort’s statements were freely and voluntarily given. Accordingly, the motions to suppress are denied.
Thus, the trial court concluded that Mr. Williams freely and voluntarily gave his consent to search the vehicle. The trial court was in a better position to evaluate the testimony of the live witnesses and make credibility determinations. It is clear from the reasons for judgment that the trial court did make credibility determinations in determining the question before it. We find no error in its decision.
I (¡DISPOSITION
For the foregoing reasons, we affirm the conviction and sentence in all respects.
AFFIRMED.