593 So.2d 447 (1992)
STATE of Louisiana, Appellee,
v.
Michael BREW, Appellant.
No. 23,200-KA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1992.
*448 Timothy A. Meche, Alexandria, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Tommy J. Johnson, Daniel R. Keele, Asst. Dist. Attys., Shreveport, for appellee.
*449 Before LINDSAY, VICTORY and STEWART, JJ.
VICTORY, Judge.
Defendant, Michael Wayne Brew, was charged by bill of information with possession of marijuana as a second offender (LSA-R.S. 40:966). Brew pled guilty as charged, reserving his right to appeal the denial of his pre-trial motions pursuant to State v. Crosby, 338 So.2d 584 (La.1976). He was given a suspended, two and one-half year hard labor sentence, and was placed on supervised probation.
Brew now appeals the denial of his motions to quash the bill of information and to suppress evidence. Finding merit in his motion to quash, we reverse on that issue, vacate Brew's sentence and remand to the trial court for resentencing Brew for possession of marijuana, first offense.

FACTS
On April 25, 1990 Brew was operating his automobile on a four-lane highway when, without signalling, he switched from the outside to the inside lane of traffic. In doing so, Brew pulled directly in front of State Trooper B.E. Vanderhoeven, forcing the officer to brake hard to avoid an accident.
Vanderhoeven pulled Brew over to the roadside and once Brew exited the vehicle, the officer smelled a strong odor of marijuana. He then obtained Brew's consent to search the automobile. While the search was conducted, Brew was placed in the back seat of Vanderhoeven's patrol car. No substantial amount of marijuana was found in Brew's car, but Vanderhoeven, upon inspection of his patrol car after removing Brew, found five bags of marijuana hidden under the back seat. Brew, still at the scene, admitted placing them there. He was then arrested and cited with possession of marijuana and failure to signal the lane change.
Brew had pled guilty in 1984 to possession of marijuana with intent to distribute, and therefore, was charged with possession of marijuana as a second offender. He moved to quash the bill of information contending the 1984 conviction was constitutionally defective, and moved to suppress the marijuana seized by Vanderhoeven, alleging it was the product of a pretextual stop. Both motions were denied by the trial judge. Brew's writ application to review the trial court's rulings were denied on the grounds of an adequate remedy on appeal in the event of conviction. State v. Brew, No. 22,839-KW. He then pled guilty, reserving his right to appeal the trial court's rulings.

MOTION TO QUASH
Brew contends the trial court should have granted his motion to quash the 1984 predicate conviction because it was obtained as the result of an unknowing and unintelligent waiver of counsel. Additionally, Brew contends the record of his 1984 felony guilty plea was not entered freely and voluntarily because he was not advised of his right to a jury trial.
In the case of an offense punishable by imprisonment when the defendant appears for arraignment without counsel, the court shall inform him before he pleads to the indictment of his right to have counsel appointed to defend him if he is indigent. LSA-C.Cr.P. Art. 513. Further, before a waiver of counsel may be accepted, the record must indicate the trial court attempted to determine defendant's literacy, competency, understanding and volition. State v. Skeetoe, 501 So.2d 931 (La.App.2d Cir.1987). The trial court should make the defendant aware of the dangers and disadvantages of self-representation, so the record will establish that defendant "knows what he is doing and his choice is made with eyes open."
There is no particular formula which the trial court must follow to determine whether the defendant knowingly and voluntarily waived his right to counsel, but the determination is based on the facts and circumstances surrounding the case, including the accused's background, experience and conduct. State v. Mashaw, 554 So.2d 169 (La.App.2d Cir.1989). The Mashaw case sets forth the trial court's detailed *450 colloquy with the defendant as to his background, experience, literacy, competency, understanding, and volition. Although Mashaw, a high school graduate with four years military experience, was able to knowledgeably define a constitutional right and explain the purpose of a trial, the trial judge failed to apprise him of the dangers and disadvantages of proceeding without counsel. Nevertheless, this court found that under the circumstances, Mashaw's guilty plea to the predicate offense was not defective.
In State v. Gipson, 514 So.2d 646 (La. App.2d Cir.1987), writ denied in part, writ granted in part, 521 So.2d 1143 (La.1988), this court held that although the better practice was to advise the defendant of the dangers and disadvantages of self-representation, where the record demonstrated that the defendant was repeatedly asked by the trial court if she desired counsel and inquired into her educational background, this was sufficient to constitute a knowing and intelligent waiver of counsel. Further the defendant had previous legal experience because of a felony conviction. Gipson held that even though there was no specific advice given, the record provided a basis for concluding that the defendant was aware of the dangers and disadvantages of self-representation.
The trial judge at Brew's 1984 felony guilty plea did not conduct a detailed inquiry into Brew's background, experience, literacy, or competency to plead guilty without counsel, nor did he inform Brew of the dangers and disadvantages of proceeding without counsel. Unlike Mashaw, the trial judge failed to inquire into defendant's employment background, if he read newspapers, books or magazines, if he watched television and understood what he watched; if he understood the nature of a constitutional right, and if he understood the nature of a trial. He only asked Brew if he wanted to plead guilty without an attorney and determined Brew was a 26 year-old high school graduate. Unlike Gipson, there is no showing that Brew was previously convicted of a felony and was familiar with legal proceedings. Age and a high school diploma, although important, do not alone affirmatively show Brew's literacy, competency, understanding, and volition to plead guilty without counsel.
Next, Brew contends he was not advised of his right to trial by jury. We agree.
A guilty plea will not be considered free and voluntary unless, at the very least, the defendant was advised of his constitutional rights against self-incrimination, his right to confront his accusers, and his right to a trial by jury. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
State v. Santiago, 416 So.2d 524 (La.1982) holds that the record must conclusively show that a defendant was advised of his right to a trial by jury and that he waived it. A record only evidencing a general advisement of the right to trial by jury and the waiver thereof does not affirmatively show that the defendant knowingly and voluntarily waived his right to trial by jury. State v. Age, 417 So.2d 1183 (La.1982). The following excerpts reveal the only instances where the trial court mentioned a jury trial at Brew's 1984 guilty plea:
Q: At any jury trial you have the right to confront your accusers and to compel testimony on your behalf from your witnesses. By entering this plea of guilty you are waiving or giving up these rights. Do you understand that?
A: Yes Sir.
* * * * * *
Q: If you were to go to trial and in the event of a conviction, that is, if the jury finds you guilty, you would have the right to an appeal. And again, in the event of an appeal, if you could not afford an attorney one would be appointed for you which would not cost you anything, by entering a plea of guilty you are waiving or giving up their [sic] rights; do you understand that?
A: Yes Sir.
The trial judge failed to specifically inform Brew of his right to a trial, much less *451 a jury trial; he never specifically told Brew that by pleading guilty he was waiving his right to a trial, much less a jury trial. Thus, he failed to obtain Brew's waiver of a jury trial on the record.
Since the guilty plea from the predicate 1984 conviction was constitutionally infirm, the defendant's motion to quash the bill of information should have been granted insofar as it charged him with possession of marijuana, second offense.

MOTION TO SUPPRESS
Brew also contends the trial court should have granted his motion to suppress the seized marijuana because Trooper Vanderhoeven, lacking the requisite reasonable suspicion required to stop and detain him, merely stopped him on pretext.
Prohibitions against unreasonable searches and seizures by the Fourth Amendment and by Article 1, § 5 of the 1974 Louisiana Constitution are enforced by exclusionary rules. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); State v. Davis, 375 So.2d 69 (La. 1979). An individual cannot be stopped in his automobile by a police officer, without a warrant, unless that officer had reasonable suspicion that the individual has committed, or is about to commit, a criminal offense, including the violation of a traffic regulation. Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); State v. Matthews, 366 So.2d 1348 (La. 1978); State v. Cohen, 549 So.2d 884 (La. App.2d Cir.1989), writ denied 559 So.2d 135.
LSA-R.S. 32:104 D addresses turning movements and required signals:
D. The signals provided for in LSA-R.S. 32:105(B) shall be used to indicate an intention to turn, change lanes or start from a parked position and shall not be flashed on one side only on a parked or disabled vehicle, or flashed as a courtesy or "do pass" signal to operators of other vehicles approaching from the rear.
(Emphasis added.)
Trooper Vanderhoeven testified he witnessed Brew commit a violation of LSA-R.S. 32:104 D, and had he not braked hard, could have been involved in an accident with Brew. Having personal knowledge of a traffic violation that almost caused an accident, Vanderhoeven's stop of Brew's car was proper. Thereafter, Brew not only consented to the search of his car, but admitted placing the marijuana in the trooper's car where Vanderhoeven clearly had the right to seize it.
Brew's claim that he was stopped on pretext by Vanderhoeven is primarily a credibility determination made by the trial judge. The credibility of the witnesses is a matter which addresses itself to the trier of fact. State v. Bell, 315 So.2d 31 (La.1975). Determinations of the credibility will not be disturbed on appeal in the absence of manifest error. State v. Sanders, 542 So.2d 1134 (La.App.3d Cir.1989). We find no error in the trial judge's apparent acceptance of Vanderhoeven's credibility.

DECREE
For the reasons stated, the defendant's conviction for possession of marijuana, second offense, is reversed, and judgment is entered reducing the conviction to possession of marijuana, first offense. The case is remanded to the trial court to resentence the defendant for possession of marijuana, first offense.
REVERSED IN PART, AFFIRMED IN PART, and REMANDED.