684 So.2d 1072 (1996)
STATE of Louisiana, Plaintiff-Appellee,
v.
Donald PAGGETT, Defendant-Appellant.
No. 28843-KA.
Court of Appeal of Louisiana, Second Circuit.
December 11, 1996.
*1073 Indigent Defender Office by James E. Beal, Jonesboro, for Defendant-Appellant.
Richard Ieyoub, Attorney General, Walter E. May, Jr., District Attorney, Douglas L. Stokes, Jr., Assistant District Attorney, for Plaintiff-Appellee.
Before MARVIN, STEWART and CARAWAY, JJ.
MARVIN, Chief Judge.
After his motion to suppress cocaine seized in a search of his vehicle was denied, Donald Paggett entered a Crosby plea of guilty to possession of the drug and was sentenced to two years at hard labor, suspended in favor of three years supervised probation. Paggett urges that the trial court erred in denying his motion to suppress.
We consider this one assignment and affirm the trial court's ruling.

FACTS
On July 14, 1995, Jonesboro Police Officer Doug Worley observed Paggett's vehicle speeding in the Jonesboro city limits. Also discovering that the color of Paggett's truck did not match the color shown on the vehicle's registration, Officer Worley stopped Paggett.
Officer Mike Jaynes, the K-9 handler, arrived shortly after the stop. At Officer Worley's request, Officer Jaynes issued Paggett a warning citation for traveling 55 miles per hour in a 35-mile-per-hour zone.
Inquiring whether Padgett was transporting illegal contraband, Officer Worley asked Paggett if he would consent to a search of his vehicle. According to Officer Worley, Paggett, responding somewhat nervously and reluctantly, stated that he did not mind a search of his vehicle, but he seemed hesitant and in fear that "he was being done wrong." Although Worley did not specifically tell Paggett that he was free to leave, Officer Worley advised him that he could withdraw his consent to search at any time.
To alleviate Paggett's appeared nervousness about his consent to search, Officer Worley offered to walk the narcotics detection dog around the exterior of the vehicle, rather than searching the inside of the truck. Worley said Paggett, who "seemed to be more relieved with that [suggestion]," then told Worley that he preferred the canine "sniff test."
While being led around Paggett's truck, the dog, trained in the detection of narcotics, "alerted" on the passenger side. Officer Worley then advised Paggett that "if he had anything in the vehicle it would be best if he'd tell me [Officer Worley] about it." Paggett retrieved a bag containing marijuana from under the passenger seat and was immediately arrested. After arresting Paggett, Officer Worley looked under the passenger seat where the marijuana had been and saw and retrieved a "Skoal type can" which was found to contain one large rock and several smaller rocks of crack cocaine.
Worley and Jaynes testified at the trial of Paggett's motion to suppress on November 7, 1995. Jaynes said that he smelled the strong odor of marijuana on Paggett, giving him independent reason to search the vehicle. The trial court denied the motion to suppress. On February 7, 1996, Paggett entered a Crosby plea of guilty to possession of cocaine in exchange for an agreed-upon sentence of two years at hard labor, suspended in favor of three years supervised probation, a $250 fine, court costs and the seizure of $1,163.00 also discovered during the search of his vehicle. State v. Crosby, 338 So.2d 584 (La.1976).

DISCUSSION
Reviewing a ruling on a motion to suppress, we place great weight upon the trial court's factual determinations because of that court's opportunity to observe witnesses and assess credibility. State v. Crews, 28,153 (La.App.2d Cir. 5/8/96), 674 So.2d 1082. On a trial of a motion to suppress, the state must prove the admissibility of the evidence seized without a warrant. La.C.Cr.P. art. 703.

*1074 The Stop

In order to stop an individual in his automobile without a warrant, a police officer must have a reasonable suspicion that the individual has committed, or is about to commit, an offense, including the violation of a traffic regulation. Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); State v. Matthews, 366 So.2d 1348 (La.1978); State v. Brew, 593 So.2d 447 (La. App. 2d Cir.1992). Worley's testimony that Paggett was traveling 55 miles per hour in a 35-mile-per-hour zone, in violation of La. R.S. 32:64, was not disputed. Worley's personal knowledge of the speeding violation and the discrepancy in the color of Paggett's truck, rendered Worley's initial stop reasonable. See State v. Brew, supra.

The Detention
Having found the initial stop justified, we next focus on the legality of the continued detention of Paggett's vehicle while the canine sniff test was performed. The detention of Paggett and his truck must also be based on reasonable suspicion of the officers that Paggett has been, is, or is about to be engaged in criminal conduct. We test for this reasonable cause, something less than probable cause, according to the totality of the facts and circumstances known to the officers. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied; State v. Arrington, 556 So.2d 263 (La.App. 2d Cir.1990). There is no bright-line rule. State v. Bostic, 26,000 (La.App.2d Cir. 5/4/94), 637 So.2d 591, writ denied. We consider the diligence of the officers in pursuing a means of investigation likely to quickly confirm or dispel their suspicions. United States v. Sharpe, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985); State v. Bostic, supra.
Jaynes said that he smelled a strong odor of marijuana on Paggett. Such an observation unquestionably provided sufficient reasonable cause to detain Paggett long enough to allow the narcotics dog to sniff test the vehicle. The dog was available, having arrived on the scene with Jaynes in the K-9 unit before the traffic citation was issued. The officers pursued the investigation in a manner likely to quickly confirm or dispel their reasonable suspicion. We find the detention was minimal, based on reasonable suspicion, and legally proper. See this court's discussion of the time of detention of vehicles to allow for drug-sniffing tests in State v. Thompson, 543 So.2d 1077 (La.App. 2d Cir.1989), writ denied.

The Search
A search without a warrant, while per se unreasonable, is subject to a few specifically established and well delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Guzman, 362 So.2d 744 (La. 1978), cert. denied; State v. Cohen, 549 So.2d 884 (La.App. 2d Cir.1989), writ denied. The recognized exceptions to the warrant requirement for a search of a vehicle include inventory searches and searches based on probable cause to believe the vehicle contains contraband or evidence of a crime because of exigent circumstances that require an immediate search. Cohen, supra.
In order for a "roadside stop" warrantless search of a vehicle to be constitutional, there must be probable cause to believe that the vehicle contains contraband or evidence of a crime, together with "exigent circumstances" requiring an immediate search. The circumstances must support the conclusion that it is impractical to obtain a warrant because of the possibility that the car could be moved and its contents never found again. This is known as the "automobile emergency" exception. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); State v. Guzman, supra.
The presence of marijuana odor on Paggett alone justified a warrantless search of the vehicle under exigent circumstances. The use of the drug dog to confirm or deny the officers' suspicions was entirely supported, irrespective of whether Paggett consented to the search. State v. Gant, 93-2895 (La.5/20/94), 637 So.2d 396, rehearing denied.
A canine sniff test by a well-trained narcotics detection dog does not constitute a search within the meaning of the Fourth Amendment. U.S. v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); State v. Arrington, supra. Once the drug dog *1075 alerted, the officers had further probable cause to conduct a warrantless search. Cohen; Gant, both cited supra. Moreover, once the suspected marijuana was discovered and Paggett was lawfully arrested, Worley's later search and seizure of the cocaine, incident to the arrest, was legally proper. See California v. Acevedo, 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991).
We find no errors patent.

DECREE
Donald Paggett's conviction is AFFIRMED.