11WILLIAMS, Judge.
The defendant, Ramone Dominque Bonner, was convicted of possession of stolen things, a violation of LSA-R.S. 14:69. The trial court sentenced the defendant to serve 10 years at hard labor. The trial court suspended three years of the sentence and ordered that the sentence run consecutively to defendant’s parole violation. On appeal, the defendant contends the trial court- erred in denying his motion to suppress evidence seized during a search of his residence. For the following reasons, we affirm.
FACTS
In November, 1999, several homes in Ruston, Louisiana were burglarized. On or about November 11, 1999, Lieutenant Darrell Newsom (“Newsom”), of the Ru-ston Police Department, received an anonymous Crimestopper’s tip. The caller told Newsom that the defendant and another individual were responsible for some burglaries around the East Mississippi/East-land area. Newsom told other police officers that he needed to speak with the defendant. On November 15, 1999, Officer Gerald Jenkins (“Jenkins”) brought the defendant to the police station to speak with Newsom. The defendant denied having any knowledge of the burglaries. At the time he was brought to the station, the defendant had a backpack in his possession. The defendant’s backpack was searched and yielded items that matched those reported stolen.
When the defendant was brought to the police station, Newsom contacted Officer Don Thornton (“Thornton”), the defendant’s parole officer. According to the officers’ testimony at trial, it was a customary practice to contact the parole officer if there was a possible parole violation. | ¡.Newsom informed Thornton of an anonymous tip that the defendant was involved in some burglaries.
Officer Thornton testified that it is a common practice for parole officers to con *1153 duct a search upon receiving information that a parolee may be involved in criminal activity. Further, Newsom testified that he asked Lieutenant Tommy Doss (“Doss”) to go to the defendant’s residence to secure permission to search for the stolen items. Doss testified that he waited until Thornton arrived to begin a search. Leroy Bonner, the defendant’s uncle, is the owner of the home where the defendant was residing. Mr. Bonner testified that he did not grant the officers permission to search his residence and that Thornton told Mr. Bonner that he did not need his permission.
The officers searched the defendant’s room. Thornton testified that he and Doss seized items from the defendant’s room that matched the description of some of the items stolen during the burglaries including a diamond ring and a watch. The seized items were brought to the police station.
Newsom testified that when the defendant viewed the items seized from his residence, the defendant said that the items were his and that he had them for a long time. The defendant testified that he did not commit the burglaries. The victims of the burglaries were contacted by the Ru-sten Police Department and asked to identify certain items. Among the items identified as having been stolen were those that had been seized from the defendant’s residence.
laThe defendant filed a motion to suppress, alleging that the search of his backpack and residence violated his constitutional rights. The motion was granted as to the items in the backpack, but denied with regard to the search of the residence. The defendant was convicted and sentenced. He now appeals.
DISCUSSION
The defendant contends the trial court erred in denying his motion to suppress. The defendant argues that the search of his residence and the use of the items seized violated his constitutional rights. Defendant specifically argues that the officers did not produce a search warrant, valid consent was not given to search the residence, no probable cause or reasonable suspicion existed upon which to base a warrantless search, and the warrantless search was not justified under the jurisprudence relating to a parolee’s reduced expectation of privacy.
It is well settled that a trial court’s decision to deny a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Normandin, 32,927 (La.App.2d Cir.12/22/99), 750 So.2d 321, writ denied, 00-0202 (La.9/29/00), 769 So.2d 550; State v. Williams, 98-1006 (La.App. 5th Cir.3/30/99), 735 So.2d 62, writ denied, 99-1077 (La.9/24/99), 747 So.2d 1118.
The defendant argues that the search is invalid because the officers did not produce a search warrant. The state contends the warrantless search did not violate the United States or Louisiana Constitutions because both [4the defendant and his uncle consented to the search. The state further argues that the warrantless search was justified because of the defendant’s parolee status.
As a parolee, the defendant had a reduced expectation of privacy which allowed a warrantless search of his person and residence by his parole officer. While the decision to conduct a warrantless search of a parolee and his home must be based on something more than a mere hunch, probable cause is not required, and only a reasonable suspicion that criminal activity is occurring is necessary for a *1154 parole officer to conduct a warrantless search. State v. Odom, 34,054 (La.App.2d Cir.11/1/00), 772 So.2d 281. Further, as a condition of parole, a parolee agrees, in writing, in advance, to be searched at anytime and anywhere, including their home, by their supervising parole officer. The jurisprudence allows police officers to accompany parole officers in these surprise searches. See Odom, supra; State v. Shields, 614 So.2d 1279 (La.App. 2d Cir.1993), writ denied, 620 So.2d 874 (La.1993) and, most recently, U.S. v. Knights, 534 U.S. 112, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001). Therefore, this argument lacks merit.
We also find that the officers received a valid consent to search. It is well settled that a warrantless search conducted pursuant to a valid consent is permitted by both the Louisiana and United States Constitutions. State v. Raheem, 464 So.2d 293 (La.1985); State v. Crews, 28,153 (La.App.2d Cir.5/8/96), 674 So.2d 1082. A consent is valid when it is freely and voluntarily given by a person who possesses common authority or other sufficient relationship to the premises or effects sought to be inspected. State v. Bodley, 394 So.2d 584 (La.1981); State v. Owens, 480 So.2d 826 (La.App. 2d Cir.1985), writ denied, 486 So.2d 748 (La.1986), cert. denied, 479 U.S. 840, 107 S.Ct. 145, 93 L.Ed.2d 87 (1986). While a valid consent to search is a recognized exception to the warrant requirement, the burden is on the state to prove that the consent was given freely and voluntarily. Necessarily, voluntariness is a question of fact to be determined by the trial court under the facts and circumstances of each case. The trial court’s determination is to be given great weight upon appeal because of that court’s opportunity to observe witnesses and assess credibility. State v. Edwards, 434 So.2d 395 (La.1983); State v. Paggett, 28,843 (La.App.2d Cir.12/11/96), 684 So.2d 1072.
During the hearing on the motion to suppress, Newsom testified that the defendant gave him permission to search his residence. Although Newsom testified that Jenkins was present when the defendant consented to the search, Jenkins testified that he did not hear anyone ask the defendant’s permission to search his residence. In addition, the defendant denied that he gave Newsom permission to search his residence. However, Thornton testified that Mr. Bonner, the homeowner, also gave him permission to search his residence. Doss corroborated Thornton’s testimony. Although Mr. Bonner testified that he did not give the officers permission to search, the trial court found the officers’ testimony more credible in finding that valid consent was given by Mr. Bonner to search his residence. The trial court’s determination is entitled to great weight. We find no abuse of | (¡discretion by the trial court. The trial court was correct in denying the motion to suppress.
DECREE
The defendant’s conviction and sentence are affirmed.
AFFIRMED.