33 So.3d 222 (2010)
STATE of Louisiana, Appellee,
v.
Jeremy Johntay FREEMAN, Appellant.
No. 44,980-KA.
Court of Appeal of Louisiana, Second Circuit.
January 27, 2010.
Rehearing Denied February 25, 2010.
*223 Louis Granderson Scott, for Appellant.
William R. Coenen, District Attorney, Penny Douciere John McIntosh Lancaster Assistant District Attorneys, for Appellee.
Before WILLIAMS, GASKINS and PEATROSS, JJ.
GASKINS, J.
The defendant, Jeremy Johntay Freeman, was charged with possession of a firearm by a convicted felon, illegal carrying of weapons (felony grade), and possession of a Schedule II controlled dangerous substance (CDS), i.e., cocaine. Pursuant to State v. Crosby, 338 So.2d 584 (La.1976), he pled guilty to possession of a firearm by a convicted felon and possession of cocaine, reserving his right to appeal the trial court's denial of his motion to suppress. The charge of illegal carrying of weapons was dismissed. He received agreed-upon concurrent sentences of 10 years at hard labor without benefit of parole, probation or suspension of sentence on the firearm *224 charge and five years at hard labor on the drug charge. The defendant appeals the trial court's ruling on his motion to suppress. We affirm.

FACTS
On the morning of April 13, 2007, the defendant was driving his gray Ford Crown Victoria through the village of Forest, Louisiana. He was accompanied by an unidentified female. James Smith, the village's chief of police, clocked the defendant driving about 59 mph in a 45-mph zone. At about 8:55 a.m., Chief Smith stopped the defendant's vehicle for speeding and asked for his license and registration. When the chief called in the license and registration to the dispatcher of the West Carroll Sheriff's office, he was informed that the defendant had outstanding warrants for aggravated assault and simple battery. He was instructed to hold the defendant until a deputy was sent to take him into custody.
Deputy Christopher Varner received a call at 9:05 a.m. to go to Forest to arrest the defendant on the outstanding warrants. He arrived on the scene at 9:15 a.m. He placed the defendant under arrest and put him in his patrol car. Mindful of the defendant's reputation for drug trafficking, Deputy Varner asked the defendant for permission to search his vehicle. The defendant refused.
Deputy Varner requested that Deputy John Warner, a narcotics officer, be sent to the scene with his drug dog, Bella. Deputy Warner received the request at 9:20 a.m. He and Bella arrived at 9:25 a.m. Deputy Warner walked around the car. Although he did not see any drugs in plain view inside the vehicle, he smelled an odor he recognized as marijuana emanating from the partially open driver's window. When Bella walked around the car, she alerted to the driver's side door.
After Deputy Warner informed him that Bella had alerted, Deputy Varner searched the defendant's car. In the center console, he discovered a plastic container with a green leafy substance. Subsequent laboratory analysis determined that the contents of the container included marijuana and cocaine. Additionally, a semiautomatic High Point nine-millimeter pistol was found wrapped in a rag or towel; the weapon was located behind the passenger's seat on the floorboard, within reach of the driver of the vehicle.
The defendant, who had prior felony convictions for illegal use of weapons and carrying a firearm on a school campus, was charged with possession of a firearm by a convicted felon, illegal carrying of weapons (felony grade), and possession of cocaine.
The defendant filed a motion to suppress the evidence found during the warrantless search of his vehicle. Following a hearing, the trial court denied the motion. After the U.S. Supreme Court rendered its opinion in Arizona v. Gant, ___ U.S. ___, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), the defendant sought reconsideration of the trial court's ruling on the motion to suppress. Upon reconsideration, the trial court again denied the motion.
Pursuant to a Crosby plea, the defendant pled guilty to possession of a firearm by a convicted felon and possession of cocaine while reserving his right to appeal the denial of his motion to suppress. The charge of illegal carrying of weapons was dismissed. The defendant received agreed-upon sentences of 10 years at hard labor without benefits on the firearm charge and five years at hard labor on the cocaine charge, the sentences being ordered to run concurrently. The state also agreed to not file a multiple offender bill *225 against the defendant or pursue a May 2008 charge of cocaine distribution.
On appeal, the defendant challenges the trial court's denial of his motion to suppress the evidence found in the search of his car, particularly in light of the Gant decision.

LAW
The right of every person to be secure in his person, house, papers, and effects against unreasonable searches and seizures is guaranteed by the Fourth Amendment to the United States Constitution and Article I, § 5, of the 1974 Louisiana Constitution. It is well settled that a search and seizure conducted without a warrant issued on probable cause is per se unreasonable unless the warrantless search and seizure can be justified by one of the narrowly drawn exceptions to the warrant requirement. State v. O'Neal, 44,067 (La.App.2d Cir.4/8/09), 7 So.3d 182.
When the constitutionality of a warrantless search or seizure is placed at issue by a motion to suppress the evidence, the state bears the burden of proving that the search and seizure were justified pursuant to one of the exceptions to the warrant requirement. La. C. Cr. P. art. 703(D); State v. O'Neal, supra.
This court reviews the district court's ruling on a motion to suppress under the manifest error standard in regard to factual determinations, as well as credibility and weight determinations, while applying a de novo review to findings of law. State v. Collins, 44,248 (La.App.2d Cir.5/27/09), 12 So.3d 1069.
In order to stop an individual in his automobile without a warrant, a police officer must have a reasonable suspicion that the individual has committed, or is about to commit, an offense, including the violation of a traffic regulation. State v. Paggett, 28,843 (La.App.2d Cir.12/11/96), 684 So.2d 1072.
One exception to the warrant requirement is when there is probable cause to search an automobile. The warrantless search of an automobile is not unreasonable if there is probable cause to justify the search, without proving additional exigency, when the automobile is readily mobile because there is an inherent risk of losing evidence. Maryland v. Dyson, 527 U.S. 465, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999); State v. Brown, 42,188 (La.App.2d Cir.9/26/07), 966 So.2d 727, writ denied, 2007-2199 (La.4/18/08), 978 So.2d 347.
If the police officer has a specific suspicion of criminal activity, he may further detain the individual or the property while he diligently pursues a means of investigation likely to quickly confirm or dispel the particular suspicion. United States v. Sharpe, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985); State v. Stowe, 44,815 (La.App.2d Cir.10/28/09), 25 So.3d 945.
There is no bright line rule for when a detention lasts too long. Each instance must be assessed in view of the surrounding circumstances. State v. Arrington, 556 So.2d 263 (La.App. 2d Cir. 1990); State v. Stowe, supra.
An officer's detection of the odor of burnt marijuana emanating from the defendant's vehicle may provide probable cause for the search of his vehicle. See State v. Johnlouis, 2009-235 (La.App. 3d Cir.11/4/09), 22 So.3d 1150.
A canine sniff test by a well-trained narcotics detection dog does not constitute a search within the meaning of the Fourth Amendment. United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); State v. Paggett, supra. Once the dog alerts on the door panels, the officers *226 have probable cause to search a vehicle without first obtaining a warrant. State v. $107,156 U.S. Currency Seized from Marlin Morton and Richard Woods, 41,090 (La.App.2d Cir.6/30/06), 935 So.2d 827, writ denied, 2006-2271 (La.11/22/06), 942 So.2d 557.
In Arizona v. Gant, supra, Gant was arrested for driving with a suspended license, handcuffed, and placed in the back of a patrol car. The police then searched his car and found a bag of cocaine in the pocket of a jacket on the backseat. Gant was charged with two drug offenses; his motion to suppress the drugs found in his car was denied, and he was convicted on both charges. The Arizona Supreme Court found the search was unreasonable. The U.S. Supreme Court granted the state's petition for certiorari and affirmed. It held:
[C]ircumstances unique to the vehicle context justify a search incident to a lawful arrest when it is "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." In many cases, as when a recent occupant is arrested for a traffic violation, there will be no reasonable basis to believe the vehicle contains relevant evidence. But in others, ... the offense of arrest will supply a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein.
. . .
Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies. [Citations omitted.]

DISCUSSION
The defendant was initially stopped by Chief Smith at 8:55 a.m. after he observed the defendant speeding. As Chief Smith had reasonable suspicion that the defendant had committed an offense, i.e., a violation of a traffic regulation, the initial stop was reasonable. See State v. Paggett, supra. Upon learning that the defendant had outstanding warrants, Chief Smith properly detained him until Deputy Varner arrived. After he arrived at 9:15 a.m., Deputy Varner placed the defendant under arrest based upon the warrants and put him in his patrol car.
Because other officers had previously informed him of the defendant's reputation for involvement in the narcotics trade, Deputy Varner had a suspicion that the defendant was involved in other criminal activity. He acted swiftly to confirm or dispel that suspicion. Deputy Varner asked the defendant for permission to search his car. After the defendant refused to allow him to search his vehicle without a warrant, Deputy Varner immediately sent for Deputy Warner and Bella, his narcotics dog. They arrived within five minutes. In the meantime, the defendant, a reputed drug trafficker who was already under arrest for offenses of domestic violence, remained in custody in Deputy Varner's patrol car, awaiting transport to the jail. Unlike the defendants in many cases involving warrantless searches of automobiles, there was never an issue of him being free to leave prior to the search or unreasonably detained.
The evidence presented at the hearing on the motion to suppress indicated that the car was stopped on the side of a two-lane state highway inside the municipal limits of Forest. The policy for the sheriff's office was such that this car would not have been impounded. Deputy Varner testified that had the drug dog not been *227 able to come to the site, the car would have been released, mostly likely to the defendant's female companion. Therefore, exigent circumstances existed due to its location and mobility requiring an immediate search of the vehicle.
After Deputy Warner smelled marijuana coming from the partially open window of the defendant's car and Bella alerted on the driver's door, the officers had probable cause to search the vehicle. See State v. Johnlouis, supra, and State v. Paggett, supra. We note that the elapsed time between the initial stop and the warrantless search of the defendant's car was only approximately 30 minutes.
This is not a case that falls under the Arizona v. Gant decision. This was not a search incident to arrest that involves the "reaching distance" rule. In our case, the traffic stop and the arrest of the defendant on the outstanding warrants were legal. The detention of the vehicle was reasonable, and its search was based on probable cause pursuant to the officer smelling marijuana and the dog alerting for drugs.
Based on the above, we find that the officers acted properly and that the warrantless search of the defendant's vehicle was reasonable and lawful. The trial court's ruling on the motion to suppress is affirmed.

CONCLUSION
Finding no error in the trial court's denial of the motion to suppress, we affirm the defendant's convictions and sentences.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, GASKINS, PEATROSS and MOORE, JJ.
Rehearing denied.